FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 12 2011

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SETH RITCHIE,

                      Plaintiff,                **MEMORANDUM & ORDER**

   -against-                                   11-CV-1185 (SLT) (ALC)

GLENDA BUBB; GERARD CAPERS; RODNEY
SMITH; SANDRA SUTHERLAND; DENISE GRANUM;
CARMEN BATISTA; PAUL TAYLOR; CHARLES
FELICIANO; VICTOR PESHKIN; DONALD SIMPSON;
CHANDRA PERRY-PATTERSON; ANDREA EVANS;
LINDA GABRIELE; JOHN LOWERY; FRANCIS
CARUSO and MILTON BROWN,

                      Defendants.
----------------------------------------------------------------X

**TOWNES, United States District Judge:**

On March 14, 2011, pro se plaintiff Seth Ritchie, a former parolee,[1] commenced this action pursuant to 42 U.S.C. § 1983 alleging that certain defendant parole officers and supervisors retaliated against him for filing numerous e-mail letters of complaint related to his parole supervision. By order dated March 23, 2011, the Court (1) granted Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; (2) dismissed the complaint in part; and (3) directed the summons and complaint to be served on the remaining defendants. (Docket No. 4).

Unbeknownst to the Court and on the same date as the Court's order, Plaintiff filed an amended complaint. (Docket No. 6). In the amended complaint, Plaintiff's allegations remain essentially the same, but he adds several new defendants and either corrects or provides the first names of defendants named in the original complaint. He continues to seek damages and injunctive relief. For the following reasons, the amended complaint is dismissed in part.

---

[1] By letter dated March 28, 2011, plaintiff informs the Court that he "is no longer on Parole effective January 23, 2011." (See Docket No. 8).



## STANDARD OF REVIEW

In reviewing Plaintiff's filings, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." Id. at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). If the Court determines that an in forma pauperis action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, it may dismiss the complaint. 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Here, Plaintiff fails to make any allegations that defendants Sandra Sutherland, Carmen Batista and Paul Taylor had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. Farrell, 449 F.3d at 484. Plaintiff's attempt to identify Sutherland, Batista, and Taylor as third-party defendants is misplaced as Plaintiff does not claim that they were involved in the alleged retaliation or constitutional violations, but rather that they

were merely present during some of his interactions with defendants Glenda Bubb and Gerard Capers. (See Am. Compl. ¶¶ 40, 54, 76).

Insofar as Plaintiff names defendants from the New York State Division of Parole, including Andrea Evans, Chairwoman and Chief Executive Officer; Linda Gabriele, Operations Officer; John Lowery, Deputy Director of Operations; Francis Caruso, Operations; and Milton Brown, Regional Director (grouped by Plaintiff as the "Albany Defendants") based on their roles as supervisors, the Supreme Court recently held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." Iqbal, 129 at 1948-49. "In other words, Iqbal's 'active conduct standard only imposes liability on a supervisor through section 1983 if that supervisor actively had a hand in the alleged constitutional violation." Morpurgo v. Inc. Village of Sag Harbor, 697 F. Supp. 2d 309, 328 (E.D.N.Y. 2010) (citation omitted).

Plaintiff does not make any factual allegations with regard to Andrea Evans. To the extent Plaintiff alleges that he (1) spoke to Gabriele and Lowery (Am. Compl. ¶¶ 1, 58, 87); (2) called "Defendant Milton Brown, Regional Director for Parole at least 10 times," (id. ¶ 80); and (3) "sent e-mails to Albany Parole, Defendant Francis Caruso," (id. ¶ 87), such allegations are not "active conduct" that would make these defendants liable for the retaliation and constitutional violations Plaintiff alleges he sustained. Since the claims against the supervisor defendants, as presently stated, can be supported only on the basis of the respondeat superior or vicarious liability doctrines, which are not applicable to § 1983 actions, the claims against defendants Evans, Gabriele, Lowery, Caruso and Brown must be dismissed. Iqbal, 129 S.Ct. at 1948-49.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The amended complaint is dismissed against defendants Sandra Sutherland, Carmen Batista, Paul Taylor, Andrea Evans, Linda Gabriele, John Lowery, Francis Caruso, and Milton Brown for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants;

2. The amended complaint shall proceed as to defendants Glenda Bubb, Gerard Capers, Rodney Smith, Denise Granum, Charles Feliciano, Victor Peshkin, Donald Simpson, and Chandra Perry-Patterson;

3. The Clerk of Court is directed to issue an amended summons and the United States Marshal Service is directed to serve a copy of this order, the amended summons and the amended complaint on defendants Glenda Bubb, Gerard Capers, Rodney Smith, Denise Granum, Charles Feliciano, Victor Peshkin, Donald Simpson, and Chandra Perry-Patterson; and

4. The Clerk of Court shall mail a courtesy copy of this order, the amended summons and the amended complaint to the Attorney General for the State of New York.

The case is referred to Andrew L. Carter, Jr., United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: April 11, 2011
Brooklyn, New York